**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-40372
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIO VILLARREAL-BENAVIDES,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(B-95-CR-264-1)

February 27, 1997

Before POLITZ, Chief Judge, JONES and SMITH, Circuit Judges.

PER CURIAM:[*]

Dario Villarreal-Benavides appeals his conviction for illegal reentry into the

United States in violation of 8 U.S.C. § 1326.  Finding no merit in his challenge to

the conviction we affirm.

Background

Villarreal-Benavides, a Mexican citizen, was convicted in 1987 in federal

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

court of smuggling 1756 pounds of marihuana into the United States. After a hearing in 1991 the immigration judge ordered his deportation to Mexico. The ruling was appealed to the Board of Immigration Appeals. Pending the appeal he was enlarged on bail. In 1994 the BIA affirmed the deportation order. The Immigration and Naturalization Service sent Villarreal-Benavides notice of the final order and a letter demanding that he surrender for deportation. The INS sent the documents by certified mail to his last known address, but they were returned as undeliverable. The INS also sent a copy of the demand letter to the attorney who had represented Villarreal-Benavides in the deportation proceedings. Villarreal-Benavides failed to appear for deportation and was declared a fugitive.

On November 5, 1995 border patrol agents arrested Villarreal-Benavides near the Mexican border just after he reentered the United States. He was indicted and tried on one count of illegal reentry under section 1326; the jury returned a verdict of guilty. The trial judge sentenced Villarreal-Benavides to 63 months in prison and three years of supervised release. He timely appealed.

<u>Analysis</u>

The sole contention on appeal is that the government failed to meet its burden of proving that Villarreal-Benavides was "arrested" prior to his deportation, which was one of the elements of the offense under the version of section 1326 in

effect at the time of the indictment.  An "arrest" is accomplished for section 1326 purposes when the INS serves a warrant of deportation upon the alien.[1]  Villarreal-Benavides contends that merely mailing the warrant of deportation to his last known address was insufficient to satisfy the arrest requirement.

On the record before us we find no merit in Villarreal-Benavides's challenge to the validity of his conviction.  The record reflects that he changed his address while on bail without notifying the INS as required by law.[2]  The INS made diligent efforts to serve a warrant of deportation after the BIA affirmed the deportation order.  A copy was mailed to his last known address and a copy was mailed to the attorney who represented him in the deportation proceedings.  If Villarreal-Benavides had complied with the statutory requirement of keeping the INS advised of his current address during the period of his enlargement on bail, the "arrest" requirement on the deportation order would have been accomplished.  His failure to comply with this mandatory statutory requirement cannot serve as a defense to the charge of violating 8 U.S.C. § 1326.

The conviction is AFFIRMED.

---

[1] **United States v. Quezada**, 754 F.2d 1190 (5th Cir. 1985) (citing **United States v. Wong Kim Bo**, 466 F.2d 1298 (5th Cir. 1972)).

[2] 8 U.S.C. § 1305.